## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made and entered into by and between ELILIA VALLE ("Claimant" or "Plaintiff") and BIG JOY CORP. d/b/a WEST END SUPERETTE, KOOIM CHOI and SOO KIM (collectively the "Company" or "Defendants"), (Claimant and the Company are jointly referred to in this Settlement Agreement as the "Settling Parties"), as of February 15, 2018.

### RECITALS

A.   WHEREAS, Claimant filed an action (the "Action") against Company, alleging, *inter alia*, that Company failed to pay her certain wages due in connection with services she performed on its behalf. The aforementioned Action is currently pending in the United States District Court, Southern District of New York, Case No. 17-CV-6396;

B.   WHEREAS, no court has considered or determined the claims presented;

C.   WHEREAS, Company admits no wrongdoing, nor any liability with respect to Claimant's allegations;

D.   NOW, THEREFORE, in consideration of the foregoing, and in consideration of the covenants, warranties and promises set forth below, receipt of which is hereby acknowledged, the Settling Parties agree as follows:

### AGREEMENT

1.   <u>Consideration</u>. The Settling Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged.

2.   <u>Settlement Compensation and Release</u>

Company agrees to pay Claimant the settlement amount of $10,000 (the "Settlement Amount"). Within seven (7) days following the Court's approval of the Settlement Agreement, Company shall deliver to Lee Litigation Group, PLLC, 30 East 39th Street, Second Floor, New York, NY 10016, a check in the amount of $10,000, without any deductions or withholdings, payable to "Lee Litigation Group, PLLC".

If the payment is not timely made, subject to a one-week grace period (7 calendar days) Defendants shall also be penalized ten percent (10%) for the unpaid balance, compounded monthly, and accruing from the date such balance is due. The parties agree that Defendants will only issue a 1099 form to Lee Litigation Group, PLLC, who shall issue a 1099 form to Claimant

For and in consideration of the payment provided for in this Section 2, subject to the terms and provisions of this Settlement Agreement, Claimant fully, finally, irrevocably

and forever releases and discharges all named Defendants and all of their related and/or affiliated companies, partners, and constitutent agencies, their employees, agents, shareholders, attorneys, officers, directors, trustees, insureres, predecessors, successor, assigns, divisions, affiliates, parents, subsidiaries, and fiduciaries and administrators from all wage and hour claims under the Fair Labor Standards Act ("FLSA"), and under the New York Labor Laws and regulations for any claim for unpaid wages, minimum wages, overtime compensation, spread of hours premiums, liquidated damages, statutory penalties and other related penalties, as well as all associated attorneys' fees and costs which Claimant has or may have against Company as of the date of this Agreement.

3. Cooperation. Claimant and Company mutually agree that they will not disparage each other and will say or do nothing to bring discredit upon the other. This paragraph, though, shall not be interpreted to prevent either party from making truthful statements concerning the claims and defenses asserted in this action.

4. Agreement to Refrain From Filing or Joining Claims. Plaintiff represents that she is not currently participating in any ther proceeding pending against any of the Defendants, except the federal Complaint released herewith. Plaintiff also agrees not to bring any lawsuit or initiate nay proceeding for any claim waived in any paragraph of this Agreement, and agrees, further, not to permit anyone else to do so on her behalf, to the maximum extent possible.inder applicable law.

5. Dismissal of Complaint: Contemporaneously with the execution of this Agreement, Plaintiff and Defendant, by their repsective counsel, shall execute a Stipulation and Orde of Dismissal, ("Stipulation") dismissing this action against the Defendants with prejudice. Pursuant to the Court's instructions, the Parties agree to submit this Agreement, the Stipulation, and any related materials on the public docket for the Court's review and consideration for purposes of assessing the fiarness of the Agreement's terms.

6. Representations and Acknowledgements

1. Plaintiff represents that she has consulted with an attorney prior to signing this Agreement and that this Agreement is the product of negotiations between his attorneys and the attorneys for the Defendants. Plaintiff further represents that:
   (a) She has reviewed each and every provision of this Agreement;
   (b) The Agreement has been explained to her by her attorneys;
   (c) That this Agreement appears to him to have been written in a manner calculated to be understood by her; and,
   (d) She does in fact fully understand this Agreement, including the release of claims.

2. Plaintiff also represents that she voluntarily and knowingly enters into this Agreement of her own free will.

3. Plaintiff further represents that neither the Releasees nor any of her agents, representatives or attorneys made any representations concerning the terms or the effects of this Agreement other than those contained herein, that his decision to sign this Agreement is not based in whole or in part on any statement or promise that does not

appear within the four corners of this document, and that she has been fairly represented by her attorneys throughout these proceedings.

7. Non-Admissions

    1. Plaintiff agrees that the Defendants are entering into this Agreement solely for the purpose of avoiding the burdens and expenses of protracted litigation. Plaintiff understands that by entering into this Agreement, the Defendants do not acknowledge or admit in any way that Plaintiff's claims in the Complaint have any merit, or that the Defendants engaged in any wrongdoing against Plaintiff or violated any federal, state or local law, statute, order, ordinance, rule, regulation, or contract or common law requirement, duty, or obligation.

    2. Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiff in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of the Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of the Defendants that Plaintiff has suffered any damage. Additionally, Plaintiff agrees that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

8. Attorneys' Fees and Costs

The parties are responsible for their own attorneys' fees and costs in connection with this matter. In the event either party brings an action to enforce the terms of this Agreement, the prevailing party shall recover the costs and reasonable attorneys' fees from the other party.

9. Complete Agreement

This Agreement constitutes the full and complete agreement between the parties and fully supersedes any and all prior agreements, commitments or understandings between the parties pertaining to the subject matter thereof.

10. Additional Terms

    1. This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under the laws of said State. The parties hereby consent to the jurisdiction of the United States District Court for the Southern District of New York in connection with any dispute concerning this Agreement.

    2. The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless of who drafted it.

      3.    Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain fully enforceable.

      4.    This Agreement, including this paragraph, may not be altered in any respect except by a writing duly executed by the parties or authorized representatives of the parties. This Agreement may not be modified orally.

      5.    This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one Agreement. Scanned, pdf, and/or facsimile signatures will be recognized with same force and effect as originals.

11.    <u>Headings</u>. The Settling Parties understand and agree that the headings in this Settlement Agreement are for their convenience only, and have no legal significance.

[Rest of Page Left Intentionally Blank]

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

Plaintiff certifies as follows: I have read this agreement or it has been translated for me and I understand completely its contents. *He leído este acuerdo o ha sido traducido para mí y entiendo completamente su contenido.*

_____
Elilia Valle


Big Joy Corp.
By: _____
Name: Kooim Choi
Title: President


_____
Kooim Choi

_____
Soo Kim

IN WITNESS THEREOF, the Settling Parties hereto evidence their agreement by their signature below.

Plaintiff certifies as follows: I have read this agreement or it has been translated for me and I understand completely its contents. *He leído este acuerdo o ha sido traducido para mí y entiendo completamente su contenido.*

_Elilia Valle_ (signed)
**Elilia Valle**

**Big Joy Corp.**
By: _____
Name:
Title:

_____
**Kooim Choi**

_____
**Soo Kim**